[Cite as *Davis v. Summit Cty. Common Pleas Court*, 2019-Ohio-3869.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

TRAVONTE DAVIS

    Petitioner

    v.

SUMMIT COUNTY COMMON PLEAS
COURT

    Respondent

C.A. No.    29533

ORIGINAL ACTION IN
HABEAS CORPUS

Dated:  September 25, 2019

PER CURIAM.

{¶1}    Travonte Davis has attempted to petition this Court for a writ of habeas corpus to order his release from custody.  Because Mr. Davis has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss the petition.

{¶2}    Mr. Davis completed a form titled "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY."  He completed the 15-page form and filed it with the Summit County Clerk of Courts.  On the form, he identified himself as the petitioner, but failed to indicate a respondent in the caption.  He indicated in the body of the petition, however, that he challenged the judgment of the Summit County Common Pleas Court.

{¶3}    In addition to other defects with his petition, Mr. Davis failed to comply with the statutory filing mandate that requires this Court to dismiss this case.  R.C. 2969.25 sets forth specific filing requirements for inmates who file a civil action against

a government employee or entity. As noted above, Mr. Davis identified the Summit County Court of Common Pleas on the cover of his petition, without identifying any other respondent; the court of common pleas is a government entity. Mr. Davis, incarcerated in the Southern Ohio Correctional Facility, is an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if an inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4} Mr. Davis did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Davis did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶5} Because Mr. Davis did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Davis.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.

CONCUR.

APPEARANCES:

TRAVONTE DAVIS, Pro se, Petitioner.